**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Civ. No. 12-73 (RHK) |
| Plaintiff, | Crim. No. 10-58 (RHK/JJG) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Yem T. Nguyen, | |
| Defendant. | |

---

This matter is before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence, brought under 28 U.S.C. § 2255. (Doc. No. 70.) Defendant's motion will be DENIED, for the reasons discussed below.

**I. Background**

This case was initiated in March 2010, when a federal grand jury handed up an indictment charging Defendant with one count of distributing child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). In July 2010, Defendant entered into a plea agreement, by which he pled guilty to the charge of possession of child pornography. The second charge, distribution of child pornography, was dismissed pursuant to the plea agreement.

In June 2011, Defendant was sentenced to 90 months in prison – a downward departure from the guideline range (and statutory maximum) of 120 months. Defendant is currently serving his sentence at the Federal Correctional Institution in Oakdale, Louisiana.

Defendant did not file a direct appeal after he was convicted and sentenced. However, he is now challenging his conviction and sentence in a § 2255 post-conviction motion. Defendant's current motion presents eight grounds for relief, which will be described and discussed below.

**II. Discussion**

The Government contends that most of the claims raised in Defendant's § 2255 motion have been procedurally defaulted, because Defendant could have raised those claims on direct appeal, but failed to do so. See Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992) (if an issue could have been raised on direct appeal, a defendant normally is barred from raising that issue for the first time in a § 2255 motion), cert. denied, 507 U.S. 945 (1993); United States v. Frady, 456 U.S. 152, 165 (1982) (Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal").

The Government's procedural default argument appears to be sustainable, because it clearly appears that most of Defendant's current claims could have been raised in a direct appeal. However, a procedural default can be excused by showing either (i) "cause and prejudice," which can include ineffective assistance of counsel, or (ii) proof of "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Some of Defendant's current grounds for relief arguably include assertions of actual innocence, (although those assertions are wholly unsupported, as discussed more fully below), and Defendant's final ground for relief is an ineffective assistance of counsel claim. Thus, in order to determine whether Defendant's procedural default could be excused based on cause and prejudice or proof of actual innocence, the Court would necessarily have to consider some or all of Defendant's substantive claims on the merits. The Court finds that it would be easier, and less confusing, to simply address

all of Defendant's claims on the merits straightaway. As our Court of Appeals has observed, "[t]he simplest way to decide a case is often the best." Chambers v. Bowersox, 157 F.3d 560, 564 n.4 (8th Cir. 1998), cert. denied, 527 U.S. 1029 (1999). See also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) ("[a]lthough the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 528 U.S. 846 (1999). Therefore, each of the eight grounds for relief raised in Defendant's § 2255 motion will be addressed on the merits.

**(1) Affirmative Defense Under 18 U.S.C. § 2252(c)**

Defendant initially contends that his conviction should be vacated based on the affirmative defense provided by 18 U.S.C. § 2252(c). This statute provides that --

> "It shall be an affirmative defense to a charge of violating paragraph (4) of subsection (a) that the defendant--
> (1) possessed less than three matters containing any visual depiction proscribed by that paragraph; and
> (2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any visual depiction or copy thereof--
> (A) took reasonable steps to destroy each such visual depiction; or
> (B) reported the matter to a law enforcement agency and afforded that agency access to each such visual depiction."

Defendant claims that he should be exonerated pursuant to § 2252(c), because he promptly took reasonable steps to destroy the images on his computer that caused him to be convicted for possession of child pornography. This argument suffers from two fatal flaws.

First, Defendant has not established that he did promptly try to destroy the pornographic images found on his computer. According to Defendant's Pre-Sentence Report ("PSR"), he told a probation officer that he had tried to delete certain unidentified pictures from his computer, but he

3

was unable to do so because "there was a virus." However, this self-serving statement by itself does not establish that Defendant "promptly and in good faith . . . took reasonable steps to destroy" every pornographic image on his computer. See Apfel, 97 F.3d at 1077 (defendant's own "unsupported and self-serving" assertions "do not establish a basis for relief" under § 2255). Thus, Defendant's first ground for relief fails for lack of probative evidence to support the affirmative defense that he is trying to invoke. Defendant's vague (and belated) statement to a probation officer is simply not sufficient proof that he really did promptly take reasonable steps to destroy all of the child pornography that was on his computer.

Furthermore, the affirmative defense provided by § 2252(c) is available only to defendants who possessed "less than three matters" that violate § 2252(a)(4). Defendant, however, pled guilty to possessing more than 300 images of child pornography. For this additional reason, Defendant has failed to establish that he was eligible for the affirmative defense provided by § 2252(c). See United States v. White, 506 F.3d 635, 642 (8th Cir. 2007) (Defendant was not entitled to the § 2252(c) affirmative defense, because "he possessed more than three images of child pornography").

**(2) Validity of Defendant's Guilty Plea**

Defendant's second ground for relief is simply a variation of the first ground. He contends that the Court should have rejected his guilty plea because of the alleged existence of evidence showing that he was entitled to the affirmative defense provided by § 2252(c). According to Defendant, the Court should have refused to accept his guilty plea based on his self-serving statement to a probation officer that he had tried – unsuccessfully – to delete some of the 300+ pornographic images that were stored on his computer. The Court has already determined, however, that Defendant is unable to show that he was eligible for the § 2252(c) affirmative defense.

4

Therefore, § 2252(c) did <u>not</u> preclude the Court from accepting Defendant's guilty plea.[1]

### (3) Effect of the § 2252(c) Affirmative Defense on Defendant's Sentence

Defendant's third ground for relief is yet another variation of his § 2252(c) affirmative defense claim. He contends that "[w]hen 18 U.S.C. § 2252(c) provides an affirmative defense to the charge, it effectively overrides the consequence to the charge" – i.e., the sentence. (Defendant's "Memorandum In Support Of Accompanying 28 USC 2255 Motion" (Doc. No. 71), p. 7, § III.) According to Defendant, "[n]ot only is the maximum sentence erased, but also all enhancements were also eliminated." (<u>Id</u>.) This challenge to Defendant's sentence is obviously unavailing, because the Court has already determined that § 2252(c) does <u>not</u> provide an affirmative defense to the charges brought against him, for the reasons discussed above. Furthermore, Defendant has not cited any legal authority suggesting that he can somehow challenge his sentence, separately from his conviction, based on § 2252(c). Therefore, Defendant's third ground for relief must be summarily rejected.

### (4) Sufficiency of the Evidence to Establish Guilt Under the Applicable Statute

Defendant's fourth ground for relief is almost completely unintelligible. As far as the Court can tell, Defendant is actually trying to present two claims: (1) that his conviction violated the Constitution's <u>ex post facto</u> clause, because he was convicted under an amended version of § 2252(a), which was not in affect at the time of the charged offense; and (2) that his conviction should be vacated, because the Government could not prove that he knowingly received child

---

[1] Defendant's second ground for relief also includes a reference to Rule 11(f) of the Federal Rules of Criminal Procedure, which pertains to the admissibility of a guilty plea as evidence in a federal court proceeding. However, there is nothing to suggest that anyone has ever tried to introduce Defendant's guilty plea as evidence in any federal court proceeding. Therefore, Defendant's reference to Rule 11(f) has no conceivable relevance to his claim.

pornography that crossed state lines. Both of these arguments are specious.

First, it is true that § 2252(a) was amended after the date when Defendant violated that statute.[2] However, Defendant has failed to show that he was charged and convicted under the amended version of the statute, rather than the version of the statute that was in effect when he committed the charged offense. Furthermore, Defendant has not shown that the conduct for which he was convicted was lawful before the statute was amended, and became unlawful only after the statute was amended. Therefore, Defendant has not presented an actionable ex post facto claim.

Defendant also has not shown that the Government was incapable of proving any of the elements of the offense to which he pled guilty. He seems to be arguing that the Government had to prove that he knowingly transported images of child pornography across state lines, and that the Government lacked any such proof. However, Defendant's guilty plea effectively relieved the Government from its burden of proving the elements of his offense beyond a reasonable doubt. See Thundershield v. Solem, 565 F.2d 1018, 1024 (8th Cir. 1977) (" plea of guilty operated to relieve the prosecution of its burden of proving each element of the charge beyond a reasonable doubt") (citing Boykin v. Alabama, 395 U.S. 238, 242, n.4 (1969)); see also United States v. Broce, 488 U.S. 563, 569 (1989) ("plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence").

Defendant cannot now claim that the Government did not have sufficient evidence to prove its case against him. If Defendant believed the Government was incapable of proving each element of the charged offense, he should have gone to trial, instead of pleading guilty. By pleading guilty,

---

[2] The indictment charged that Defendant violated § 2252(a) by possessing child pornography on or about July 3, 2007; the statute was amended on October 8, 2008; Defendant was indicted on or about March 9, 2010; and Defendant pled guilty on July 19, 2010.

Defendant deprived the Government of the opportunity to prove its case. It is now too late to argue that the Government lacked the evidence needed to prove its case against him.[3]

Moreover, Defendant has not affirmatively demonstrated that the Government was, in fact, incapable of proving each element of the charged offense; he merely _speculates_ that the Government might have been unable to do so. Defendant's guilty plea cannot be overturned on a § 2255 motion that is supported by nothing more than Defendant's own vague speculation that the Government might not have been able to prove all of the elements of the charged offense if the case had gone to trial. See Larson v. United States, (8th Cir. 1987) (per curiam) (argument that is "purely speculative" does not provide grounds for § 2255 post-conviction relief), cert. denied, 486 U.S. 1008 (1988).[4]

---

[3] The Court also notes that Defendant's "insufficiency of the evidence" argument is based solely on a Tenth Circuit Court of Appeals decision that has been discredited by our own Court of Appeals. In the case cited by Defendant, United States v. Schaefer, 501 F.3d 1191 (10th Cir. 2007), the Tenth Circuit held that in order to establish the jurisdictional interstate commerce requirement, the Government had to prove that the pornographic images used to obtain a § 2252(a)(4)(B) conviction had traveled across state lines. Id. at 1200-01. However, the Eighth Circuit Court of Appeals has declined to follow Schaefer, noting that it had been "rejected by every other court to consider the issue." United States v. Koch, 625 F.3d 470, 479 (8th Cir. 2010). In Koch, the Court found that the jurisdictional "nexus with interstate commerce" requirement was satisfied based on evidence showing that the defendant stored pornographic images on a computer and flash drive that were manufactured in China. Id. Defendant has not shown that Koch's reasoning would not apply to his case.

[4] Because Defendant has not shown that the Government was incapable of proving the charge against him, he cannot show that his attorney was incompetent, (or that he was prejudiced), because the attorney allowed him to plead guilty, rather than forcing the Government to prove its case. Therefore, Defendant could not maintain an ineffective assistance of counsel claim based on his insufficiency of the evidence argument. See Strickland v. Washington, 466 U.S. 668, 689-94 (1984) (to sustain an ineffective assistance of counsel claim, a defendant must show that his attorney committed errors reflecting incompetence, and that he was prejudiced as a result of those errors).

**(5) Allegedly Defective Indictment**

In Defendant's fifth ground for relief he claims that his conviction should be vacated because the grand jury's indictment "tracks the 2008 language," meaning the language in § 2552(a)(B)(4) after that statute was amended in 2008. This "defective indictment" argument must be rejected for at least two reasons.

First, Defendant has not adequately explained why he believes the grand jury's indictment was based solely on the post-amendment statutory language, and was therefore defective. He has offered only a bare assertion that the grand jury applied the post-amendment statute; he has offered nothing to support that assertion.

Second, even if Defendant was indicted under the amended statute, he has failed to explain why that alleged defect in the indictment would necessarily invalidate his guilty plea. As long as Defendant entered an otherwise valid guilty plea to a violation of the pre-amendment statute, his conviction cannot be set aside based on an alleged defect in the grand jury proceedings. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) ("defects in an indictment do not deprive a court of its power to adjudicate a case"); United States v. Tulk, 171 F.3d 596, 598 (8th Cir. 1999) ("[a]ny injury sustained in the charging process is cured by a subsequent finding of guilt beyond a reasonable doubt").

**(6) Alleged Lack of Knowledge**

Defendant's sixth claim is a variation of Ground Four, discussed above. Defendant claims that his conviction should be set aside because he did not know the location of the person who was sending him the pornographic images that led to his conviction, and he did not know whether those images had traveled across state lines. Once again, Defendant is essentially contending that the

Government was not able to sustain its burden of proof on certain alleged elements of the charged offense. But again, Defendant has offered no proof of his own, aside from his own unverified statements, showing that the Government could not prove the elements of the crime. Defendant's assertion that he does not know whether the pornographic images found on his computer traveled across state lines is self-serving, unsworn, equivocal, and simply not very credible. Defendant's guilty plea cannot be vacated based on that dubious assertion alone.[5]

**(7) Length of Sentence**

In Ground Seven, Defendant contends that his sentence is too long. He claims that "[i]f one were to look at the extensive group of Appellate cases, the viewer finds that most cases contain a defendant who possessed far greater numbers of visual depictions then the instant defendant[;] [y]et, their sentences were far lower." (Defendant's "Memorandum In Support Of Accompanying 28 USC § 2255 Motion," p. 11.) However, Defendant has not cited even one § 2252(a)(4)(B) case in which the defendant possessed more child pornography than he did, but received a shorter sentence. Thus, the Court finds that Defendant's seventh claim for relief is wholly unsubstantiated.

As the Government has aptly pointed out, "where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. McKanry, 628 F.3d 1010, 1022 (8th Cir.), cert. denied, 131 S. Ct. 1837 (2011) (citations omitted). Defendant is reminded that the sentence

---

[5] Furthermore, the origin of the pornographic images (i.e., whether they came to Defendant's computer from another state), probably is irrelevant. As discussed above, Defendant seems to believe that his conviction suffered from a fatal jurisdictional defect, because the record does not include specific evidence showing that he knew the pornographic images on his computer had crossed state lines. However, the validity of that notion, which appears to be based on the Tenth Circuit's decision in Schaefer, is extremely doubtful. See n.3, supra.

9

he received in this case is substantially shorter than the term prescribed by the Sentencing Guidelines. He has not presented any well-supported factual or legal reason to reduce his sentence further still.

### (8) Ineffective Assistance of Counsel

In Defendant's eighth and final ground for relief, he claims that he was deprived of his constitutional right to effective assistance of counsel, because his attorney failed to advance the arguments presented as grounds one through seven of his current § 2255 motion.

Claims of ineffective assistance of counsel are governed by the two-part test prescribed by Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, a defendant claiming ineffective assistance of counsel must show (a) that his attorney's performance was deficient and (b) that the attorney's deficient performance prejudiced the defendant's case. Counsel's performance is considered deficient only if it falls outside the wide range of professionally competent assistance. Harris v. Bowersox, 184 F.3d 744, 756 (8th Cir. 1999), cert. denied, 528 U.S. 1097 (2000). Courts considering claims of ineffective assistance of counsel must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997), cert. denied, 522 U.S. 1129 (1998). See also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). To meet the "prejudice" part of the Strickland test, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

An attorney cannot be deemed incompetent for failing to raise a claim that has been held to have no merit. See Thomas v. United States, 951 F.2d 902, 905 (8th Cir. 1991) (per curiam) (because

claims were "rejected as independent grounds for section 2255 relief . . . [c]ounsel's failure to raise these meritless issues does not constitute ineffective assistance"); Apfel, 97 F.3d at 1077 (ineffective assistance claim based on attorney's failure to raise a particular challenge to a conviction or sentence must be rejected if the underlying challenge is itself without merit).

Because Defendant's first seven grounds for relief have been found to be without merit, his ineffective assistance of counsel claim must also fail. He cannot show that his attorney failed to provide competent legal representation, or that he was prejudiced, based on his attorney's failure to raise the other non-meritorious claims advanced in his current § 2255 motion. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir.) (defendant's "claims of ineffective assistance of counsel fail because we have just rejected as meritless the claim [defendant] asserts counsel should have pursued"), cert. denied, 513 U.S. 845 (1994). Therefore, Defendant's final claim of ineffective assistance of counsel must be denied.

### III. Certificate of Appealability

An order denying a § 2255 motion is not reviewable on appeal, unless the defendant has been granted a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(B). Federal district courts cannot grant a Certificate of Appealability unless the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A Certificate of Appealability will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the defendant must satisfy a higher standard,

11

showing that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise warrant further review.  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

The insufficiency of Defendant's current § 2255 claims is not "debatable among reasonable jurists."  Flieger, supra.  It is virtually inconceivable that any other court, including the Eighth Circuit Court of Appeals, could grant Defendant any relief on any of his current § 2255 claims.  Defendant has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  Therefore, Defendant will not be granted a Certificate of Appealability in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED THAT:**

(1) Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. No. 70) is **DENIED ON THE MERITS AND WITH PREJUDICE**; and

(2) Defendant will **NOT** be granted a Certificate of Appealability in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: June 1, 2012

> s/Richard H. Kyle
> RICHARD H. KYLE
> United States District Judge